**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AC HOUSTON LUMBER COMPANY EMPLOYEE HEALTH PLAN, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> WILLIAM L. BERG; BERG INJURY LAWYERS, <br><br> Defendants - Appellants. | No. 10-15170 <br><br> D.C. No. 2:08-cv-02374-JAM-GGH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: THOMPSON, COWEN** and SILVERMAN, Circuit Judges.

Defendants William Berg and Berg Injury Lawyers appeal the district

court's grant of summary judgment in favor of plaintiff AC Houston Lumber

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Company Employee Health Plan. AC Houston, an ERISA[1] plan, sued the defendants pursuant to 29 U.S.C. § 1132(a)(3) to enforce a plan lien for medical benefits paid on behalf of plan beneficiary Mark Freed. The defendants represented Freed in his personal injury action and disbursed the settlement money without paying the plan lien. The district court held that the plan's lien had priority over attorneys' fees and ordered the law firm and attorney defendants to pay $16,522.05 of the law firm's fees and costs to the plan. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse.

*Hotel Employees & Rest. Employees Int'l Union Welfare Fund v. Gentner*, 50 F.3d 719 (9th Cir. 1995), controls. *Gentner* held that an ERISA plan's lien cannot be enforced against an attorney who did not sign the reimbursement agreement or expressly agree to honor the plan's lien. *Id.* at 721-22.

The plaintiff here argues that *Sereboff v. Mid Atlantic Med. Serv., Inc.*, 547 U.S. 356 (2006), overrules *Gentner*. We disagree. *Sereboff* concerned claims against plan beneficiaries, parties who were bound by the plan terms. *Id.* at 359-

---

[1]Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461.

*Sereboff* did not undermine the logic of *Gentner*, which dealt with lawyers who are not parties to the plan.[2]

REVERSED.

---

[2]Because we reverse on this ground, we do not consider the alternative arguments asserted by the defendants.

_**AC Houston Lumber Company v William Berg 10-15170**_

THOMPSON, Senior Circuit Judge, dissenting:

I respectfully dissent. To the extent our decision in _Hotel Employees &_
_Restaurant Employees Int'l Union Welfare Fund v. Gentner_, 50 F.3d 719 (9th Cir.
1995)_,_ prevents an ERISA plan from recovering against an attorney who possesses
a portion of the settlement funds with knowledge of the subrogation agreement
between his client and the ERISA plan, it has been overruled by _Sereboff v. Mid_
_Atlantic Medical Services, Inc._, 547 U.S. 356 (2006).

Any difference between this case and _Sereboff_ is illusory, because as the
_Sereboff_ Court explained, the claim for equitable restitution attached "'as soon as
the settlement fund was identified.'" _See_ 547 U.S. at 364 (citation omitted).  At that
point, in the present case, the funds were in Freed's "_constructive_ possession," and
the Berg law firm was acting as Freed's _agent_ when it disbursed the funds to itself
as attorneys' fees. _See Bombardier Aerospace Emp. Welfare Benefits Plan v._
_Ferrer, Poirot & Wansbrough_, 354 F.3d 348, 356 (5th Cir. 2003). No further
tracing or maintenance of a fund is necessary for equity to allow repayment.

As two of our sister circuits recently concluded, once an ERISA § 502(a)(3)
claim attaches, there is no practical difference if the money is then disbursed to the
beneficiary, as was the case in _Sereboff_, or to a third party with knowledge of the
subrogation agreement. _See Longaberger Co. v. Kolt_, 586 F.3d 459, 469 (6th Cir.

2009) (allowing recovery against the beneficiary's attorney where the attorney already disbursed a portion of the funds to himself as attorney's fees); *Admin. Comm. for the Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Horton*, 513 F.3d 1223, 1227-29 (11th Cir. 2008) (allowing recovery against the conservator of a special needs trust where the settlement funds were deposited).

Here, because the funds to which AC Houston was "entitled" under the subrogation agreement were "specifically identifiable" and in the Berg law firm's "possession and control," the district court properly imposed an equitable lien over them pursuant to § 502(a)(3). *See Sereboff*, 547 U.S. at 362-64. The fact that the law firm never signed the subrogation agreement is irrelevant, because the firm *knew* of the agreement when it decided to represent Freed and before it disbursed a portion of the funds to itself as attorneys' fees. Accordingly, I would affirm.